IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 17-00710 SOM |
|---|---|---|
| Plaintiff, | ) ) | ORDER FINDING WAIVER OF |
| vs. | ) ) | ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO DEFENDANT'S |
| MATTHEW BERCKMANN, | ) ) | MOTION FOR NEW TRIAL AND |
| Defendants. | ) ) | SETTING SCHEDULE FOR MOTION FOR NEW TRIAL |
| _____ | ) | |

**ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO DEFENDANT'S MOTION FOR NEW TRIAL AND SETTING SCHEDULE FOR MOTION FOR NEW TRIAL**

On May 22, 2018, Defendant Matthew Berckmann filed a motion for a new trial under Federal Rules of Criminal Procedure Rules 33 and 45. ECF No. 158. Berckmann argues that his motion should be deemed as timely and requests a new trial on the ground that his trial counsel failed to call Defendant's wife as a witness. *See* ECF No. 158-1, PageID #s 1394-98. Berckmann asserts that trial counsel provided ineffective assistance of counsel as a result. *See* ECF No. 158-1, PageID #s 1398-99. On June 4, 2018, the Government filed a request for an order finding waiver of attorney-client privilege with respect to Berckmann's motion. *See* ECF No. 166. On June 19, 2018, Berckmann responded that he does not object to the request. *See* ECF No. 180.

"It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective

assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). This "fairness principle" is intended to "prevent[] a party from using the privilege as both a shield and a sword." *Id.* at 719. In other words, a party may not bring claims of ineffective assistance of counsel and then prevent the opposing party from adequately disputing the claims by denying access to relevant privileged materials. Though Berckmann has not brought any habeas claims, the rationale behind this principle applies equally here.

The court finds that in pursuing ineffective assistance of counsel claims in his motion for a new trial, Berckmann waived attorney-client privilege with respect to those claims. The scope of such waiver is "closely tailored" to allow the Government to meaningfully respond to Berckmann's claims. *Id.* at 720. As a result, Berckmann's trial counsel, First Assistant Federal Defender Alexander Silvert and Assistant Federal Defenders Sharron Rancourt and Melinda Yamaga, are authorized to provide the Government with information regarding their attorney-client communications with Berckmann, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claims made in Berckmann's motion for a new trial.

This court sets a hearing date of August 6, 2018, at 9:45 a.m., on the motion for a new trial. The Government's response to that motion is due by July 9, 2018. Berckmann may file an optional reply memorandum no later than July 18, 2018. The court reserves the right to cancel the hearing after reviewing the briefs and to decide the motion based on the papers filed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 19, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States of America v. Matthew Berckmann, Cr. No. 17-00710 SOM; ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO DEFENDANT'S MOTION FOR NEW TRIAL AND SETTING SCHEDULE FOR MOTION FOR NEW TRIAL.