IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 17-00710 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR NEW TRIAL |
| vs. | ) | |
| | ) | |
| MATTHEW BERCKMANN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

**I.      INTRODUCTION.**

Before this court is Defendant Matthew Berckmann's
Second Amended Motion For New Trial ("Amended Motion").  *See* ECF
No. 206.  Following a jury trial, Berckmann was convicted of two
counts of having intentionally assaulted his wife, Jessie
Fenton.  Berckmann now argues that his trial attorneys provided
ineffective assistance by failing to call Fenton as a witness,
that a juror engaged in misconduct by failing to disclose having
provided counseling on domestic violence issues, and that the
court erred at trial in admitting evidence under Federal Rule of
Evidence 404(b).  None of the grounds warrants a new trial, and
the court denies Berckmann's motion.

**II.     BACKGROUND.**

On October 18, 2017, Berckmann was arrested in
Haleakala National Park, following an altercation with Fenton in
one of the park's campgrounds.  On December 14, 2017, Berckmann

was charged with "intentionally assaulting Jessie Fenton with a dangerous weapon, namely a knife, with intent to do bodily harm to Jessie Fenton," in violation of 18 U.S.C. § 113(a)(3) ("Count 1"); and with "intentionally assaulting Jessie Fenton, his spouse, by strangling her, or attempting to do so," in violation of 18 U.S.C. § 113(a)(8) ("Count 2"). ECF No. 4.

On April 18, 2018, a jury found Berckmann guilty of both counts. *See* ECF No. 146. Berckmann's trial attorneys then moved to withdraw because Berckmann had indicated that he planned to raise ineffective assistance of counsel arguments. *See* ECF No. 151, PageID #s 1380-81. The court granted the trial attorneys' motion to withdraw, and new counsel was appointed for Berckmann on May 18, 2018. *See* ECF No. 155, PageID #s 1387-88.

In an unsworn statement filed on May 21, 2018, Fenton says that she "was not pushed to the ground, strangeled [sic], threatened with a knife, or harmed in anyway [sic] by my husband Matthew Berckmann." ECF No. 156, PageID # 1389. The statement further asserts that she was willing and able to testify at Berckmann's trial, that there was false evidence presented at trial, that there was exculpatory evidence not presented at trial, and that the trial attorneys were ineffective. *See id.*

On May 22, 2018, Berckmann's new counsel filed a Motion For New Trial ("Original Motion"), which argued that trial counsel had been ineffective by failing to call Fenton as

a witness at trial.  *See* ECF No. 158, PageID #s 1398-99.  On July 18, 2018, Berckmann filed a reply to the Original Motion that raised new arguments, including that a juror may have engaged in misconduct.  *See* ECF No. 188, PageID #s 2588-89.

The court held a hearing on the motion on August 6, 2018, at which Berckmann added the argument that the court had improperly admitted Rule 404(b) evidence.  The hearing was continued after Berckmann indicated that he wanted to call Fenton as a witness, but could not locate her.  *See* ECF No. 197. The court later granted Berckmann leave to amend his motion so that the arguments about the juror and the Rule 404(b) evidence could be properly briefed, and on August 14, 2018, he filed the present Amended Motion.  *See* ECF Nos. 200, 206.

At a continued hearing on September 10, 2018, this court heard testimony by Sharron Rancourt, one of Berckmann's trial attorneys.  *See* ECF No. 215.  Fenton was in the courthouse, and at times Berckmann seemed to want to call her to testify, but Berckmann ultimately opted not to call Fenton as a witness.  The court later allowed optional briefing on the Rule 404(b) issue, and the parties filed supplemental briefs on that issue on October 9, 2018.  ECF Nos. 217, 218, 219.

**III.      STANDARD UNDER RULE 33.**

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any

judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment."  The burden of establishing that a new trial is warranted rests with the moving party.  *See United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989).  A motion for new trial "is directed to the discretion of the judge" and should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict."  *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation omitted); *accord United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004) (reviewing the denial of a motion for new trial under Rule 33(a) under an abuse of discretion standard).  A district court's power to grant a motion for new trial is much broader than its power to grant a motion for judgment of acquittal, *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992); a new trial may be granted when the "interest of justice so requires."  Fed. R. Crim. P. 33(a).

Rule 33(b) provides time limits for filing a motion for new trial:

> (1) Newly Discovered Evidence.  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds.  Any motion for a new trial grounded on any reason other than newly discovered

> evidence must be filed within 14 days after the
> verdict or finding of guilty.

The court may consider an untimely motion for new trial if "the failure to file it on time was the result of excusable neglect." Fed. R. Crim. P. 33 Advisory Committee Notes on 2005 Amendments; Fed. R. Crim. P. 45(b)(1)(B); *see also Eberhart v. United States*, 546 U.S. 12, 19 (2005) (holding that the time limits in Rule 33 are not jurisdictional).

## IV.     ANALYSIS.

Berckmann is seeking a new trial based on three grounds: (1) ineffective assistance of counsel, (2) juror misconduct, and (3) improper admission of Rule 404(b) evidence at trial. *See* ECF No. 206-1, PageID #s 2724-39. His motion for a new trial is denied.

### A.     Berckmann's Ineffective Assistance of Counsel Argument Fails.

#### 1.     This Court Finds Excusable Neglect in the Failure to Raise the Ineffective Assistance of Argument Earlier.

As noted earlier in this order, a motion for new trial based on any ground other than newly discovered evidence must be filed within 14 days of a verdict, absent excusable neglect. *See* Fed. R. Crim. P. 33(b); Fed. R. Crim. P. 45(b)(1)(B); Fed. R. Crim. P. 33 Advisory Committee Notes on 2005 Amendments. Berckmann's verdict was returned on April 18, 2018, and his Original Motion, which raised the ineffective assistance of

counsel argument, was not filed until May 22, 2018. *See* ECF
Nos. 146, 158. Ineffective assistance of counsel is not
considered "newly discovered evidence." *See United States v.
Allen*, 153 F.3d 1037, 1045 (9th Cir. 1998) ("We have rejected
the use of a Rule 33 motion for new trial based on 'newly
discovered evidence' involving the ineffective assistance of
counsel." (quoting *United States v. Pirro*, 104 F.3d 297, 299
(9th Cir. 1997))). Thus, the argument that his trial attorneys
were ineffective in failing to call Fenton as a witness is
untimely raised unless this court finds excusable neglect.

In determining whether there was excusable neglect,
this court considers the following factors: "(1) the danger of
prejudice to the other party, (2) the length of delay and its
potential impact on judicial proceedings, (3) the reason for the
delay, including whether it was within the reasonable control of
the movant, and (4) whether the moving party's conduct was in
good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir.
2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
P'ship*, 507 U.S. 380, 395 (1993)).

The *Pioneer* factors support a finding of excusable
neglect. The motion, filed about a month after the jury
returned its verdict, was only about two weeks late. The
Government has not argued that it has suffered or will suffer
any prejudice as a result of the delay, and the court's

consideration of the motion does not adversely affect any
judicial proceedings.

Notably, the delay in filing the motion appears to
relate to "a breakdown in communication" between Berckmann and
his trial attorneys. *See* ECF No. 151-1, PageID # 1382.
Berckmann asked his trial attorneys to withdraw on May 9, 2018,
by which time the 14-day deadline had passed. Whether, before
that deadline, he had asked his trial attorneys to move for a
new trial based on ineffective assistance of counsel is unclear.
But Berckmann cannot be expected to have convinced his trial
attorneys to file a motion for new trial arguing their own
ineffective assistance. *See United States v. Jensen*, No. CR-08-
054-JLQ, 2010 WL 3809988, at *7 (E.D. Wash. Sept. 27, 2010)
(considering an untimely motion for new trial because "[t]he
court could not expect [the defendant] inexperienced in the law
and with a high school education, to attempt to or be able to
convince appointed trial counsel to file a motion raising his
own ineffectiveness within the 14-day time period of Rule 33").

New counsel filed the Original Motion promptly--only
two business days after being appointed and one day after the
filing of Fenton's statement. Under these circumstances, this
court deems the delay in raising the ineffective assistance of
counsel argument excusable.

## 2. The Trial Attorneys' Decision Not to Call Fenton as a Witness Does Not Constitute Ineffective Assistance of Counsel.

The court now turns to the merits of Berckmann's ineffective assistance of counsel argument. Ineffective assistance of counsel claims are generally raised in postjudgment habeas corpus proceedings, but this court exercises its discretion to consider Berckmann's claim because the record is sufficient to do so. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) ("[W]hen a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." (quoting *United States v. Brown*, 623 F.3d 104, 113 (2d Cir. 2010))).

The standard for ineffective assistance of counsel "requires a showing of both deficient performance by counsel and consequent prejudice." *Ellis v. Harrison*, 891 F.3d 1160, 1164 (9th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, a claimant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Failure to

8

make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

Berckmann argues that his trial attorneys provided ineffective assistance by failing to call Fenton as a witness at trial, although he admits that he "understood the reasons that [his trial attorneys] did not want to call [Fenton]." ECF No. 206-1, PageID # 2735. The Government's opposition attaches affidavits from Berckmann's trial attorneys stating that they decided not to call Fenton for several reasons, including to prevent the introduction of testimony by the Government's domestic violence expert and to prevent the introduction of Berckmann's alleged prior bad acts involving Fenton. *See* ECF Nos. 211-1, 211-2, 211-3. The Government had sworn statements from Fenton regarding a separate, earlier incident, in which Fenton "acknowledged she had been abused and strangled by Berckmann." ECF No. 211-1, PageID # 2792. His trial attorneys understandably wanted to keep such statements from the jury. They also had concerns regarding Fenton's credibility given her "entirely unpredictable" behavior and her tendency to provide "inconsistent . . . and sometimes illogical" responses regarding prior bad evidence. ECF No. 211-2, PageID #s 2831-32; *see also* ECF No. 211-1, PageID #s 2793-94.

Given the trial attorneys' investigation into Fenton's purported testimony and their valid concerns that such testimony might hurt Berckmann's defense, the decision not to call Fenton as a witness comported with objective standards of reasonableness. *See Hill v. Tilton*, 384 F. App'x 639, 641 (9th Cir. 2010) (holding that defense counsel had not been deficient in failing to call a witness when "[t]rial counsel was aware of Bridge's purported testimony and, after investigation, he determined that it might negatively impact Hill's defense"); *Rutherford v. United States*, 242 F. App'x 427 (9th Cir. 2007) (noting that counsel had not been deficient in failing to call a witness because "[f]ully informed, defense counsel . . . had concerns about how [the potential witness] would stand up to cross examination"); *see also Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

The parties dispute whether Berckmann agreed with the decision not to call Fenton. Berckmann concedes that he discussed the decision with his trial attorneys and that he understood their reasoning, but asserts that he never consented to not calling Fenton. *See* ECF No. 206-1, PageID # 2735. His trial attorneys assert that they explained their decision and obtained Berckmann's agreement on several occasions. *See* ECF

No. 211, PageID # 2784. Trial counsel submitted to cross-
examination on the present motion, while Berckmann did not.
This court therefore finds trial counsel more credible than
Berckmann.

Even assuming Berckmann never consented, the decision
not to call Fenton does not constitute deficient performance
when Fenton's testimony raised several potential issues relevant
to Berckmann's defense.  Such tactical decisions are given
"great deference."  *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir.
2000).  Moreover, Berckmann does not dispute or mitigate any of
his trial attorneys' stated concerns.[1]  As a result, he has not
overcome the "strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance
[and] that, under the circumstances, the challenged action
'might be considered sound trial strategy.'"  *Strickland*, 466
U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101
(1955)).

Nor does Berckmann argue that the failure to call
Fenton actually prejudiced him.  At most, the motion asserts
that "Ms. Fenton's profession of her husband's innocence is [a]
crucial element of a defense to the charges in this case."  ECF

---

[1] Notably, Berckmann's current counsel decided not to have Fenton
testify at the hearing on this motion, lending credence to his
trial attorneys' concerns regarding Fenton's credibility as a
witness.

11

No. 206-1, PageID # 2737.  Berckmann does not attack the
sufficiency of the evidence presented at trial, which included
two witnesses who testified extensively that they saw Berckmann
push Fenton to the ground, threaten her with a knife, and hold
his arm against her throat.  ECF No. 162, PageID #s 1696-1711,
1774-84.  Fenton might have testified to Berckmann's innocence,
but Berckmann has not addressed the potential prior bad act
evidence or credibility issues raised by his trial attorneys
that could have hurt his defense.  Thus, he has not demonstrated
a "reasonable probability" that "the result of the proceeding
would have been different."  *Strickland*, 466 U.S. at 694.

Berckmann does not show that his trial attorneys
provided ineffective assistance by not calling Fenton as a
witness.  The court denies the motion for new trial on that
ground.

### B.   Berckmann's Juror Misconduct Argument Fails.

#### 1.    The Juror Misconduct Argument is Timely.

Berckmann argues that, during *voir dire*, a juror
failed to disclose prior counseling experience at his church
relating to domestic violence issues.  *See* ECF No. 206-1, PageID
# 2734.  Berckmann raised this argument for the first time on
July 18, 2018, in his reply to his Original Motion, and then
included the argument in his Amended Motion filed on August 14,
2018.  A motion for a new trial based on "newly discovered

evidence" must be filed within 3 years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). Berckmann argues that the juror misconduct issue is "newly discovered evidence" and that the argument is therefore timely. *See* ECF No. 206-1, PageID # 2724.

Evidence is newly discovered if it was discovered after the completion of trial--i.e., after the verdict is announced. *See United States v. McKinney*, 952 F.2d 333, 335-36 (9th Cir. 1991) (holding that a juror's potential bias discovered after jury deliberations but before the verdict was not "newly discovered evidence" within the meaning of Rule 33).

The Amended Motion states that on July 18, 2018, after being alerted to the juror issue by Berckmann, Berckmann's current counsel contacted his trial attorneys to get more information on the juror. *See* ECF No. 206-1, PageID # 2738. In an email that day, trial counsel stated that the juror's prior counseling experience was discovered after the trial, when Berckmann's trial attorneys spoke to some of the jurors. *See id*. at 2737-38. Because there is no indication that Berckmann knew of the issue during trial, the juror misconduct argument is timely.

## 2. Berckmann Identifies No Juror Misconduct Justifying a New Trial.

To prevail on a Rule 33 motion for new trial based on newly discovered evidence, a defendant must satisfy a five-part test:

> (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.

*United States v. Hinkson,* 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc) (citing *United States v. Harrington,* 410 F.3d 598, 601 (9th Cir. 2005)). The latter three factors are somewhat duplicative. *See, e.g.*, *United States v. Krasny,* 607 F.2d 840, 845 n.3 (9th Cir. 1979) (noting that the requirement "that the newly discovered evidence be *material* and that it *probably* would produce an acquittal on retrial, are really two means of measuring the same thing" (emphases in original)).

Further, in order to obtain a new trial based on a juror's *voir dire* responses, "a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556

(1984); *see also Sanders v. Lamarque*, 357 F.3d 943, 949 (9th Cir. 2004).

Berckmann fails to meet these standards.  He does not explain how the juror's prior counseling experience was material to the issues at trial or how it indicates that Berckmann would probably be acquitted if retried.  He includes a long string of citations related to jury bias, but fails to provide any argument applying those cases to the matters raised here.  *See* ECF No. 206-1, PageID #s 2738-39.

Moreover, he does not identify any *voir dire* question that the juror failed to answer honestly.  Berckmann's juror misconduct argument focuses on trial counsel's email of July 18, 2018.  Berckmann states only that "it is unknown from [trial counsel's] email as to the identi[t]y of the juror in question and thus whether that juror honestly answered the questions put to him or her during voir dire."  ECF No. 206-1, PageID # 2738.

Berckmann misreads trial counsel's July 18 email,[2] which states:

> In further investigation about this juror, we learned he was only a volunteer at his church with no specific training on domestic violence.  And after we examined the jury voir dire questions, it was clear no specific question was asked that would have solicited him to disclose this information.

---

[2] A copy of trial counsel's email of July 18, 2018, is not attached to Berckmann's Amended Motion, but it is quoted in the motion itself.  *See* ECF No. 206-1, PageID # 2738.

> Also, in talking with him the issue wasn't
> really important to the jury as they decided
> Berckmann's guilt based upon their belief
> that the 2 eyewitnesses were totally
> credible[,] so there was no issue to be
> raised for a new trial.

*See* ECF No. 206-1, PageID # 2738 (alterations in original).

Thus, Berckmann's trial attorneys appear to have identified and

interviewed the juror, reviewed the *voir dire* questions, and

determined that the juror's prior counseling experience was not

a basis for a new trial.  The court's own review of the *voir*

*dire* questions did not reveal any question that would have

prompted disclosure of any church counseling experience.  *See*

ECF No. 161 (trial transcript of jury selection and *voir dire*).

While asserting that "[a] hearing on this matter

should be held to adequately address and understand the issue,"

Berckmann was always free to conduct his own investigation of

the juror and review the *voir dire* questions.  ECF No. 206-1,

PageID # 2738.  Apparently, he chose not to do an investigation,

as he gives no indication that he sought the juror's name from

Berckmann's trial counsel.[3]  Without any evidence that the juror

answered *voir dire* questions incorrectly, made

---

[3] In his reply, Berckmann argues that "the Government has failed
to provide the identity of the juror in question described by
[trial counsel] or point this court to any portion of the record
to clarify this issue."  ECF No. 212, PageID # 2841.  The
Government was under no obligation to do so.  Berckmann, not the
Government, has the burden of establishing that a new trial is
warranted.  *See Endicott*, 869 F.2d at 454.

misrepresentations during *voir dire*, or otherwise exhibited bias, the court cannot say that the juror engaged in misconduct. *See Sanders*, 357 F.3d at 949 (finding no evidence of implied juror bias when juror "truthfully answer[ed] the direct questions posed to her").

Thus, Berckmann is not entitled to a new trial based on the juror's past counseling experience.

### C. Berckmann's Rule 404(b) Argument is Untimely And, Even if Timely, Does Not Justify a New Trial.

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To be admissible under Rule 404(b), evidence of prior acts and crimes must: (i) prove a material element of the crime currently charged; (ii) show similarity between the past and charged conduct; (iii) be based on sufficient evidence; and (iv) not be too remote in time." *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994).

Berckmann's final argument for a new trial is that the court improperly admitted Rule 404(b) evidence at trial. *See* ECF No. 206-1, PageID #s 2724-34. Berckmann specifically takes issue with the testimony of two witnesses: (1) August Ornellas, a lifeguard who witnessed an altercation between Berckmann and Fenton in Waikiki in December 2017, in which Berckmann allegedly "picked [Fenton] up by the neck, took her and flew her back into the benches," and (2) John Bonilla, an officer who witnessed an altercation between Berckmann and Fenton in New Jersey in October 2016, in which Berckmann is alleged to have repeatedly punched Fenton while yelling "I'm going to fuckin' kill you, you fuckin' bitch." *See id.* at 2728-32; ECF No. 163, PageID # 2030; ECF No. 164, PageID # 2113. Berckmann was arrested following both incidents. *See* ECF No. 163, PageID #s 2033-34; ECF No. 164, PageID # 2117.

The court extensively considered these Rule 404(b) issues at trial and allowed the evidence with a limiting jury instruction,[4] determining that the prior acts were relevant to a material element in issue--i.e., Berkmann's alleged intent to cause Fenton harm and/or to attempt to strangle her--and were sufficiently similar and close in time to the charged conduct

---

[4] The court instructed the jury that it could consider Ornellas's testimony and Bonilla's testimony only "for the limited purposes of deciding whether the defendant had the state of mind, knowledge, or intent to commit the crimes charged in the indictment." ECF No. 163, PageID # 2025; ECF No. 164 # 2109.

involving a physical assault of the same alleged victim. *See*
ECF No. 123 (minutes of oral order denying Defendant's motion to
preclude 404(b) evidence); ECF No. 136 (trial minutes of court's
overruling of Defendant's objection to 404(b) testimony); ECF
No. 140 (minutes of oral order denying Defendant's motion to
strike); ECF No. 163, PageID #s 1997-2026 (trial transcript of
404(b) discussion regarding Ornellas's testimony); ECF NO. 164,
PageID #s 2107-10 (trial transcript of 404(b) discussion
regarding Bonilla's testimony).

Berckmann now argues that the evidence should not have
been admitted to prove intent because assault of a spouse by
strangulation under 18 U.S.C. § 113(a)(8) is a general intent
offense, and Berckmann did not raise the issue of intent in his
defense. He also argues that the prior acts were not
sufficiently similar to the charged conduct of strangulation
because the witnesses did not observe Berckmann choking or
strangling Fenton. *See* ECF No. 206-1, PageID #s 2730-34.

Berckmann raised this 404(b) argument during a hearing
on the Original Motion on August 6, 2018, and then included it
in his Amended Motion filed on August 14, 2018. Having been
raised more than 14 days after the verdict, the argument is
untimely absent excusable neglect.[5] *See* Fed. R. Crim. P. 33(b);

---

[5] The Rule 404(b) argument cannot be considered "newly discovered
evidence" because information known by a defendant at the time

19

Fed. R. Crim. P. 45(b)(1)(B); Fed. R. Crim. P. 33 Advisory Committee Notes on 2005 Amendments.

Berckmann argues that the Rule 404(b) argument "should be deemed timely because it was filed at the first opportunity by current defense counsel." ECF No. 206-1, PageID # 2723. Berckmann notes that current counsel was appointed on May 17, 2018, and that the trial transcripts were not filed until June 4, 2018. *See id.* at 2717-18. He adds that it has taken "a great deal of time" to review the filings and transcripts in this case. ECF No. 212, PageID # 2838.

Berckmann's reasons for the delay are unpersuasive. As pointed out in the Government's opposition, "there was extensive litigation concerning the 404(b) issue at the motions-in-limine phase and during trial in this case" that made Berckmann acutely aware of the issue. ECF No. 211, PageID # 2777 (citing ECF Nos. 37, 123, 136, 138, 140). The Government further notes that "this issue would have been obvious to Defendant's current counsel upon his review of the docket sheet or pleadings, even without the transcripts." *Id.* Even if the trial transcripts were necessary to fully understand Rule 404(b) issue, Berckmann's current counsel had access to the transcripts

---

of trial does not constitute newly discovered evidence. *See, e.g.*, *Harrington*, 410 F.3d at 601 (discussing whether an officer's testimony at a preliminary hearing could be deemed "newly discovered evidence" when the defendant was "present at the preliminary hearing").

starting on June 4, 2018, yet did not mention the issue until a hearing on August 6, 2018.  A two-month delay is "substantial," and Berckmann offers no explanation for the delay other than asserting that the review of the case files was time-consuming. *See Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (holding that a "substantial" delay of 64 days weighed against a finding of excusable neglect).

The court certainly understands that it can be difficult for newly appointed counsel to become familiar with a case, but that difficulty alone does not excuse significant delays in bringing a motion for a new trial.  In applying the *Pioneer* factors described earlier, the court finds that the length of the delay and the reason for it weigh heavily against a finding of excusable neglect.  The delay in raising the Rule 404(b) argument is not excused, and the argument is time-barred.

The court notes that even if the Rule 404(b) argument were timely, Berckmann would not be entitled to a new trial on that basis.  The testimony regarding the Waikiki and New Jersey incidents was admissible because it was probative as to the intent elements that the Government needed to prove in its case in chief.

Count 1 accused Berckmann of intentionally assaulting Fenton with a knife with intent to do bodily harm to her, in violation of 18 U.S.C. § 113(a)(3), and Count 2 accused him of

intentionally assaulting Fenton by strangling her, or attempting to do so, in violation of 18 U.S.C. § 113(a)(8). *See* ECF No. 146, PageID # 1255. Both counts required proof of specific intent. As Berckmann concedes, Count 1 required proof of the specific intent to do bodily harm to Fenton. *See* ECF No. 220, PageID #s 2888-89 (citing *United States v. Decoteau*, 642 F. App'x 739, 741 (9th Cir. 2016)); *see also* 18 U.S.C.A. § 113(a)(3). With respect to Count 2, Berckmann is correct that actual assault by strangulation under 18 U.S.C. § 113(a)(8) is a general intent crime. *See United States v. Lamott*, 831 F.3d 1153 (9th Cir. 2016). However, Count 2 included an attempt to strangle Fenton, and attempt crimes are specific intent crimes. *See, e.g., United States v. Gracidas-Ulibarry*, 231 F.3d 1188 (9th Cir. 2000) ("[W]e have held that Congress' use of the term 'attempts' in a criminal statute manifested a requirement of specific intent to commit the crime attempted, even when the statute did not contain an explicit intent requirement."); *see also* 18 U.S.C. § 113(a)(8) (defining the crime as "[a]ssault of a spouse . . . by strangling, suffocating, or *attempting to* strangle or suffocate" (emphasis added)).[6]

---

[6] The jury instructions regarding attempt to commit assault by strangulation included a specific intent element: "First, [the government must prove that] the defendant intended to commit assault by strangulation . . . ." ECF No. 165, PageID # 2252. Berckmann did not object to this language. *See* ECF No. 164, PageID #s 2219-24.

The testimony of the Waikiki and New Jersey incidents was relevant to these intent elements, and the incidents were sufficiently similar to the charged conduct. Particularly important to the court in deciding to admit the testimony was that Fenton was the victim in each instance. *See, e.g.*, *Hinton*, 31 F.3d at 822 (9th Cir. 1994) (affirming the district court's admission of evidence of four previous assaults against a defendant charged with assault with intent to commit murder because "the charged and prior conduct were part of a pattern of abuse involving the *same victim* and . . . similar modus operandi") (emphasis added). The testimony was not introduced to demonstrate that Berckmann had a propensity towards violent behavior or towards assaulting women generally. Rather, it was introduced to demonstrate Berckmann's intent to specifically harm and strangle Fenton. As the Government explains, without such testimony, the jury could have concluded that Berckmann "was joking, or intended to scare the victim short of hurting her," or that he "only meant to hold Ms. Fenton down and not impede her breathing." ECF No. 218, PageID # 2879.

In sum, Berckmann's Rule 404(b) argument is untimely raised as a ground for a new trial and, in any event, is not supported. Berckmann of course may timely raise the issue on appeal.

## V.       CONCLUSION.

For the reasons discussed above, Berckmann's motion for new trial is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 2, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States of America v. Matthew Berckmann, Cr. No. 17-00710 SOM; ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL.