```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,       )    Cr. No. 17-00710 SOM
                                )
          Plaintiff,            )    ORDER DENYING DEFENDANT'S
                                )    MOTION FOR RELEASE PENDING
       vs.                      )    APPEAL
                                )
MATTHEW BERCKMANN,              )
                                )
          Defendant.            )
_____ )
```

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

**I.      INTRODUCTION.**

Before this court is Defendant Matthew Berckmann's Motion For Release Pending Appeal. *See* ECF No. 236. Following a jury trial, Berckmann was convicted of two counts of having intentionally assaulted his wife, Jessie Fenton. He is currently serving a prison sentence of 41 months. Berckmann argues that he should be released pending his appeal because he satisfies the requirements of 18 U.S.C. § 3143(b)(1). The court concludes that Berckmann has neither satisfied § 3143(b)(1) nor provided any "exceptional reasons" making detention inappropriate, as required by 18 U.S.C. § 3145(c). Berckmann's motion for release is denied.

**II.     BACKGROUND.**

On October 18, 2017, Berckmann was arrested in Haleakala National Park, following an altercation with Fenton in one of the park's campgrounds. On December 14, 2017, Berckmann

was charged with "intentionally assaulting Jessie Fenton with a dangerous weapon, namely a knife, with intent to do bodily harm to Jessie Fenton," in violation of 18 U.S.C. § 113(a)(3). He was also charged with "intentionally assaulting Jessie Fenton, his spouse, by strangling her, or attempting to do so," in violation of 18 U.S.C. § 113(a)(8). ECF No. 4. On April 18, 2018, a jury found Berckmann guilty of both counts. *See* ECF No. 146.

Thereafter, Berckmann's trial attorneys moved to withdraw, the court granted the motion, and new counsel was appointed for Berckmann on May 18, 2018. *See* ECF Nos. 151, 155. On May 22, 2018, Berckmann's new counsel filed a motion for new trial, arguing that trial counsel had been ineffective in failing to call Fenton as a witness at trial. *See* ECF No. 158, PageID #s 1398-99. On July 18, 2018, Berckmann filed a reply that raised new arguments, including the argument that a juror may have engaged in misconduct. *See* ECF No. 188, PageID #s 2588-89.

The court held a hearing on the motion for new trial on August 6, 2018, at which time Berckmann added the argument that the court had improperly admitted prior bad acts evidence under Rule 404(b) of the Federal Rules of Evidence. The hearing was continued after Berckmann indicated that he wanted to call Fenton as a witness but could not locate her. *See* ECF No. 197.

The court later granted Berckmann leave to amend his motion so that the arguments about the juror and the Rule 404(b) evidence could be properly briefed, and on August 14, 2018, Berckmann filed an amended motion for new trial. *See* ECF Nos. 200, 206.

The court held a continued hearing on September 10, 2018. *See* ECF No. 215. Fenton was in the courthouse. At times Berckmann seemed determined to call her to testify, but Berckmann ultimately opted not to call Fenton as a witness. The court later allowed optional briefing on the Rule 404(b) issue, and the parties filed supplemental briefs on that issue on October 9, 2018. ECF Nos. 217, 218, 219.

On November 2, 2018, the court denied Berckmann's request for a new trial. ECF No. 221. The court sentenced Berckmann to 41 months in prison and three years of supervised release. Judgment was entered on November 16, 2018. ECF No. 225. Berckmann appealed on November 15, 2018. ECF No. 222.

On January 7, 2019, Berckmann filed the present motion for release. ECF No. 236. After the Government filed its opposition and before Berckmann's reply was due, Berckmann filed a motion for new counsel and a motion to stay the proceedings pending the appointment of new counsel. ECF No. 240. Both motions were granted, and Berckmann was appointed new counsel on January 29, 2019. ECF No. 244. Berckmann's new counsel filed a reply on February 22, 2019. ECF No. 245.

**III.    STANDARD FOR RELEASE PENDING APPEAL.**

In general, persons convicted of federal crimes are not eligible for release pending appeal unless a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . , and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).

However, the standard is heightened for a defendant convicted of an offense described in 18 U.S.C. §§ 3142(f)(1)(A), (B), or (C), which include "crime[s] of violence." *See* 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(A). Such a defendant is not eligible for release unless (1) the requirements of § 3143(b)(1) are satisfied, and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). That is, "Congress has declared that *all* persons who

are found guilty of crimes of violence *must* be detained--even though they individually pose no risk of flight or danger to the community and despite the fact that they may raise substantial issues on appeal--unless they clearly show 'exceptional reasons' why detention is not appropriate." *United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (citing 18 U.S.C. §§ 3143(b)(2) and 3145(c)).

The Ninth Circuit has explained that "[w]hether 'exceptional reasons' exist must be determined case-by-case." *Id.* A court "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *Garcia*, 340 F.3d at 1019.

**IV.     ANALYSIS.**

Berckmann was convicted of assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) and assault of a spouse by strangulation under 18 U.S.C. § 113(a)(8). These crimes constitute "crimes of violence" under 18 U.S.C. § 3142(f)(1)(A).

*See* 18 U.S.C. § 3156[1]; *see also United States v. Sutton*, 695 F. App'x 330, 330 (9th Cir. 2017) ("18 U.S.C. § 113(a)(3) is categorically a crime of violence."). Therefore, to be eligible for release pending appeal, Berckmann must satisfy the requirements of § 3143(b)(1) and provide "exceptional reasons" why his detention is not appropriate.[2] *See* 18 U.S.C. § 3145(c); *see also Garcia*, 340 F.3d at 1015. Concluding that Berckmann is not eligible for release, the court denies his motion.

### A. Berckmann Does Not Satisfy The Requirements Of 18 U.S.C. § 3143(b)(1).

Under 18 U.S.C. § 3143(b)(1), this court must find (1) by clear and convincing evidence that Berckmann "is not likely to flee or pose a danger to the safety of any other person or

---

[1] Under 18 U.S.C. § 3156(a)(4), the term "crime of violence" as used in 18 U.S.C. §§ 3141-50 means:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117[.]

The crimes Berckmann was charged with clearly fall under 18 U.S.C. § 3156(a)(4)(A).

[2] Berckmann does not appear to dispute that 18 U.S.C. § 3145(c) states the appropriate standard. Berckmann's motion discusses only the requirements of § 3143(b)(1), but Berckmann's reply appears to recognize the relevance of the "exceptional reasons" referred to in § 3145(c). As discussed earlier in this order, Berckmann had different counsel for the motion and the reply.

the community if released" and (2) that his appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . reversal [or] an order for a new trial[.]" The court addresses both requirements below.

### 1. Berkmann Fails To Demonstrate that He is Not a Flight Risk or a Danger to Others.

In seeking release, Berckmann bears the burden of showing by clear and convincing evidence that he is not a flight risk or a danger to others under 18 U.S.C. § 3143(b)(1)(A). *See United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986). He argues that he is not a flight risk because (1) he is a U.S. citizen, (2) his wife continues to reside in Hawaii, (3) he "will promise to abide by all orders of this court in regard to his appearance," and (4) he "lack[s] funds and assets" to travel. ECF No. 236-1, PageID # 3198. He argues that is not a danger to others because "none of [the] charges result in injury to [Fenton], the alleged victim," and "[a]ny concern about his behavior can be addressed by the probation department/pretrial services who would monitor his alcohol consumption and other activities during his release." *Id*. Berckmann notes that the court can impose conditions restricting his travel and possession of weapons. ECF No. 246, PageID #s 3253-4.

The court is unpersuaded by these conclusory statements. Berckmann does not provide "clear and convincing evidence," but rather asks the court to trust his word and the

ability of the U.S. Probation Office to monitor him.  Berckmann cannot rely on the U.S. Probation Office to meet his own burden of proof.  Further, nothing about Berckmann's history or his behavior during the proceedings in this case assures the court that he would not flee or pose a danger to others.

As highlighted by the Government's opposition, in the 14 months leading to his arrest on the instant charges, Berckmann "was arrested five times in four different states." ECF No. 238, PageID #s 3212-13.  The trial evidence included testimony about allegedly assaultive behavior directed at Fenton separate and apart from the assaults charged in this case.  Berckmann appears to have left at least one jurisdiction where he allegedly assaulted Fenton.  Moreover, the jury in this case found Berckmann guilty of intentionally assaulting Fenton with a knife and intentionally assaulting Fenton by strangling her or attempting to do so.  ECF No. 147.  Berckmann has never admitted any wrongdoing or taken any responsibility for his behavior.  Based on the information before it, the court cannot conclude that Berckmann would not attempt to flee Hawaii or that he would not harm Fenton or anyone else.

Berckmann's behavior in the courtroom supports this conclusion.  At court appearances since his trial, Berckmann has had aggressive outbursts, sworn, and used derogatory language toward counsel and the court.  *See, e.g.*, ECF No. 234, PageID #s

3041-46 (calling opposing counsel an "asshole" and telling the court that "[y]ou need to stop the bullshit you allowed in this courtroom"). He has regularly refused to follow the court's instructions to remain seated and silent until it is his turn to be heard. *See, e.g.*, ECF No. 235, PageID #s 3137-39.[3] When hearings have not proceeded to his liking, Berckmann has been disruptive and engaged in delaying tactics. *See, e.g.*, ECF No. 235, PageID # 3136-38.[4] Berckmann's demonstrated disrespect of

---

[3] During his sentencing hearing, Berckmann opined about the court system, opposing counsel, and the U.S. Probation Office:

> THE DEFENDANT: Oh, I know, we have all these, you know, very by-the-rule kind of things. You know what? The problem is you let these damn court system run poorly. You put innocent fuckin' people in jail. And you know what? You got a prick like this who thinks he knows shit about due process. Hell, I didn't put a goddamn hand on my wife. But you know what? This asshole and that -- Oh, and by the way, your probation report? You shouldn't talk shit about people you don't know.

[4] Fenton was late for Berckmann's sentencing hearing. The court planned to give Fenton a chance to speak and decided to move forward with a discussion of sentencing guideline calculations until Fenton arrived. Berckmann's response was as follows:

> THE COURT: But I do get to be in charge of the court's schedule in proceedings that –
> 
> THE DEFENDANT: Well, guess what? It'll have to wait. I'm not doing this without my wife here.
> 
> THE COURT: She –
> 
> THE DEFENDANT: Regardless of what you think or you might try to say, I will not move forward without her.
> 
> THE COURT: Okay. I hear you, but I'm moving forward.

9

the court and the criminal justice process gives this court no confidence that he would abide by any court order restricting his movement and behavior.

> **2. Berckmann's Appeal Raises a Substantial Issue, But That Alone Does Not Satisfy § 3143(b)(1).**

Berckmann argues that his pending appeal raises a substantial issue. Under 18 U.S.C. § 3143(b)(1)(B), an issue on appeal is "substantial" if it is "fairly debatable" and "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1282, 1282 n.2 (9th Cir. 1985). An issue is "likely to result" in reversal or the other relief listed in 18 U.S.C. § 3143(b)(1)(B) if the Ninth Circuit could grant such relief should it rule in the defendant's favor on that issue. *Garcia*, 340 F.3d at 1020 n.5 (explaining that 18 U.S.C. § 3143(b)(1)(B) "does not involve assessing the likelihood that a reversal will occur in the particular case"). That is, a defendant "need not . . . present an appeal that will likely be successful," but rather must present "only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *Id.*

---

THE DEFENDANT: No, you're not.

ECF No. 235, Page ID # 3136.

10

As discussed further below, Berckmann's appeal raises the issue of whether evidence of his October 2016 arrest in New Jersey and his December 2017 arrest in Waikiki was properly admitted at trial under Rule 404(b).  Berckmann notes that this issue was "hotly contested in pretrial motions, at trial, and in the motion for new trial" and that "this Court asked for additional briefing on this issue" prior to denying his motion for new trial.  ECF No. 236-1, PageID # 3199.

The court agrees that the Rule 404(b) ruling is fairly debatable, and that the Ninth Circuit could reverse Berckmann's conviction and order a new trial based on this issue.  But even though Berckmann's appeal raises a substantial issue likely to result in reversal or a new trial if decided in his favor, he has not demonstrated that he is not a flight risk or danger to others and therefore does not satisfy 18 U.S.C. § 3143(b)(1).

### B. Berckmann Does Not Clearly Show "Exceptional Reasons" That His Detention Is Inappropriate.

Berckmann's initial moving papers do not identify any "exceptional reason" making detention inappropriate.  However, in his reply, Berckmann puts forth one reason--that he has an "unusually strong chance" of success on the question of whether evidence of his October 2016 arrest in New Jersey and his December 2017 arrest in Waikiki was properly admitted under Rule 404(b).  ECF No. 246, PageID # 3251.  Berckmann cites to *United States v. Garcia*, in which the Ninth Circuit provided a non-

exhaustive list of exceptional reasons, including "[w]hen there appears to be an unusually strong chance that the defendant will succeed in obtaining a reversal of his conviction on appeal[.]" 340 F.3d at 1020.

The court discussed the Rule 404(b) issue at length in its order denying Berckmann's motion for new trial.  *See* ECF No. 221, PageID #s 2944-50.  By way of background, the court notes that Berckmann is taking issue with the admission of testimony by two witnesses: (1) August Ornellas, a lifeguard who witnessed an altercation between Berckmann and Fenton in Waikiki in December 2017, in which Berckmann allegedly "picked [Fenton] up by the neck, took her and flew her back into the benches," and (2) John Bonilla, a law enforcement officer who witnessed an altercation between Berckmann and Fenton in New Jersey in October 2016, in which Berckmann is alleged to have repeatedly punched Fenton while yelling "I'm going to fuckin' kill you, you fuckin' bitch."  *See* ECF No. 236-1, PageID #s 3200-02; ECF No. 206-1, PageID #s 2728-32; ECF No. 163, PageID # 2030; ECF No. 164, PageID # 2113.  Berckmann was arrested following both incidents. See ECF No. 163, PageID #s 2033-34; ECF No. 164, PageID # 2117.

The court extensively considered this issue before and during trial and allowed the evidence with a limiting jury instruction, determining that the prior acts were relevant to a

material element in issue--i.e., Berkmann's alleged intent to cause Fenton harm and/or to attempt to strangle her--and were sufficiently similar and close in time to the charged conduct involving a physical assault of the same alleged victim. *See* ECF No. 123 (minutes of oral pretrial order denying Defendant's motion to preclude Rule 404(b) evidence); ECF No. 136 (trial minutes of court's overruling of Defendant's objection to Rule 404(b) testimony); ECF No. 140 (minutes of oral order denying Defendant's motion to strike); ECF No. 163, PageID #s 1997-2026 (trial transcript of Rule 404(b) discussion regarding Ornellas's testimony); ECF NO. 164, PageID #s 2107-10 (trial transcript of Rule 404(b) discussion regarding Bonilla's testimony).

As he did in his motion for new trial, Berckmann argues on appeal that the evidence should not have been admitted because assault of a spouse by strangulation under 18 U.S.C. § 113(a)(8) is a general intent offense, and because the prior acts were not sufficiently similar to the charged conduct of strangulation. ECF No. 246, PageID # 3251; *see also* ECF No. 206-1, PageID #s 2730-34. Berckmann's disagreement with this court's reasoning in admitting the evidence and his belief that his appeal will be successful do not give him the "unusually strong chance" of success described in *Garcia*.

In *Garcia*, the Ninth Circuit explained that a defendant might have an unusually strong chance of success on

13

appeal if application of a recent Supreme Court ruling would likely invalidate the conviction:

> As an example, we need look only as far as the case of the sex offenders whose convictions were recently invalidated by *Stogner v. California*, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003). A perceptive trial judge might well have recognized the distinct possibility that the convictions of those offenders would ultimately be overturned on the ground that the retroactive extension of an expired statute of limitations is unconstitutional. Detaining such defendants without the possibility of bail pending appeal might be unreasonable, in part because on appeal imprisonment for any period could well be determined to be unjustified.

340 F.3d at 1020. Exceptional reasons might also exist if the defendant raises a legal issue that has never been addressed by the appellate court, or if "the appellate issues are highly unusual in other respects." *Id.* at 1020-21.

The examples provided in *Garcia* are not analogous to the issue Berckmann raises on appeal. Berckmann is arguing that prior bad act evidence was improperly admitted at trial, which is a common evidentiary issue and does not involve anything "out of the ordinary." *Koon*, 6 F.3d at 562 (explaining that "'exceptional' means more than ordinary"); *see, e.g.*, *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994) (reviewing "a district court's decision to admit evidence of prior bad conduct under Rule 404(b)"). Not only was the issue discussed extensively during pretrial proceedings (*see* ECF No. 123) as

well as during trial (*see* ECF Nos. 136, 140, 163, and 164), this court revisited the matter with care in its written order denying Berckmann's motion for new trial (*see* ECF No. 221). This court relies on the reasoning it articulated in its prior rulings in concluding that this issue, while not frivolous, does not present an "unusually strong chance" that Berckmann will prevail on appeal. Not having provided any "exceptional reason" that detention is inappropriate, Berckmann is not eligible for release under 18 U.S.C. § 3145(c).

**V.      CONCLUSION.**

For the reasons discussed above, Berckmann's motion for release is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States of America v. Matthew Berckmann, Cr. No. 17-00710 SOM; ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL.